# EXHIBIT A

Approved, SCAO

Original - Court         2nd copy - Plaintiff
1st copy - Defendant      3rd copy - Return

| STATE OF MICHIGAN | | | CASE NO. |
|---|---|---|---|
| 37th    JUDICIAL DISTRICT | **SUMMONS** | | 24- *944* -CZ |
| CALHOUN    JUDICIAL CIRCUIT    COUNTY | | | |

**Court address**

161 East Michigan Avenue, Battle Creek, MI 49014

JOHN HALLACY

**Court telephone no.**

(269) 969-6518

**Plaintiff's name, address, and telephone no.**

FAITH BURKS, ESTATE OF BECKYANN CROWLEY, by heir and representative, THOMAS BURBANK, TERRY AND LINDA CARLSON, DAVID CARPENTER, ALISON CRITTENDEN, DORETHEA EDMONSON, ESTATE OF LARRY DEAN FAIRCHILD, by Personal Representative, ALARIC FAIRCHILD, PRISCILLA FORD, TODD GAST, PAMELA SHINEVAR NORMA BAUMGARTNER, by MARY HOWARD, Power of Attorney, HOWARD KING, BOB ANGEL, STEVEN MESSECAR, CHRISTOPHER MYERS, PATRICIA PATTON-PERRY, by BRENT PERRY, Power of Attorney, KURT RHODE, GLORIA RIDLEY, RAYMOND VAN VLEET, TOM VASQUEZ, and SABRINA WHITT
c/o Visser and Associates, PLLC

v

**Defendant's name, address, and telephone no**

CALHOUN COUNTY, 161 East Michigan Avenue, Battle Creek, MI 49014

and

BRIAN W. WENSAUER, 315 West Green St , Marshall, MI 49068

and

CHRISTINE SCHAUER, c/o Calhoun County Treasurer, 315 West Green St., Marshall, MI 49068

**Plaintiff's attorney, bar no., address, and telephone no.**

Donald R. Visser (P27961)
VISSER AND ASSOCIATES, PLLC
2480 44th Street SE, Suite 150
Kentwood, MI 49512
(616) 531-9860

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21) The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☐ _____ Court, where

it was given case number 20-2587-CZ _____ and assigned to Judge John Hallacy

The action ☑ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 3-28-24 | 6-27-24 | *[signature]* |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

MC 01 (3/23) **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2 105

STATE OF MICHIGAN

FILED

MAR 28 2024

7th CIRCUIT COURT CLERK

IN THE CIRCUIT COURT FOR THE 37th CIRCUIT COURT,
COUNTY OF CALHOUN

\* \* \* \* \*

FAITH BURKS, an individual; ESTATE OF
BECKYANN CROWLEY, by heir and
representative, THOMAS BURBANK; TERRY
AND LINDA CARLSON, a married couple;
DAVID CARPENTER, an individual; ALISON
CRITTENDEN, an individual; DORETHEA
EDMONSON, an individual; ESTATE OF
LARRY DEAN FAIRCHILD, by Personal
Representative, ALARIC FAIRCHILD;
PRISCILLA FORD, an individual; TODD
GAST, an individual; PAMELA SHINEVAR,
an individual; NORMA BAUMGARTNER, by
MARY HOWARD, Power of Attorney;
HOWARD KING, an individual; BOB ANGEL,
an individual; STEVEN MESSECAR, an
individual; CHRISTOPHER MYERS, an
individual; PATRICIA PATTON-PERRY, by
BRENT PERRY, Power of Attorney; KURT
RHODE, an individual; GLORIA RIDLEY, an
individual; RAYMOND VAN VLEET, an
individual; TOM VASQUEZ, an individual; and
SABRINA WHITT, an individual,

Plaintiffs,

-vs-

CALHOUN COUNTY, a Governmental Unit,
BRIAN W. WENSAUER, in his individual and
official capacity; and CHRISTINE SCHAUER,
in her individual and official capacity,

Defendants.

Case No. 24- 444    -CZ

HON.

**COMPLAINT**

**(JURY DEMAND)**

Donald R. Visser (P27961)
Daniel O. Myers (P49250)
Donovan J. Visser (P70847)
VISSER AND ASSOCIATES, PLLC
*Attorneys for Plaintiffs*
2480 - 44th Street, S.E., Suite 150
Kentwood, MI 49512
(616) 531-9860

Philip L. Ellison (P74117)
OUTSIDE LEGAL COUNSEL, PLC
*Attorney for Plaintiffs*
PO Box 107
Hemlock, MI 48626
(989) 642-0055

E. Powell Miller (P39487)
Christopher D. Kaye (P61918)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, PC
*Attorneys for Plaintiffs*
950 W. University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200

Matthew E. Gronda (P73693)
GRONDA PLC
*Attorney for Plaintiffs*
4800 Fashion Square Blvd, Suite 200
Saginaw, MI 48604
(989) 249-0350

## COMPLAINT

COME NOW, Plaintiffs FAITH BURKS, ESTATE OF BECKYANN CROWLEY, by heir and representative, THOMAS BURBANK, TERRY AND LINDA CARLSON, DAVID CARPENTER, ALISON CRITTENDEN, DORETHEA EDMONSON, ESTATE OF LARRY DEAN FAIRCHILD, by Personal Representative, ALARIC FAIRCHILD, PRISCILLA FORD, TODD GAST, PAMELA SHINEVAR, NORMA BAUMGARTNER, by MARY HOWARD, Power of Attorney, HOWARD KING, BOB ANGEL, STEVEN MESSECAR, CHRISTOPHER MYERS, PATRICIA PATTON-PERRY, by BRENT PERRY, Power of Attorney, KURT RHODE, GLORIA RIDLEY,

RAYMOND VAN VLEET, TOM VASQUEZ, and SABRINA WHITT, (collectively "Plaintiffs") by and through counsel, and for Plaintiffs' cause of action against Defendants CALHOUN COUNTY and BRIAN W. WENSAUER and CHRISTINE SCHAUER (collectively "Defendants"), state as follows:

## INTRODUCTION

1. This is a case of gross governmental abuse that cries out for a remedy. The County has illegally seized property in the form of excess/surplus equity from private citizens without any compensation at all.

2. The abuse stems from Defendant Calhoun County's tax foreclosure process. Michigan law generally authorizes counties to foreclose on parcels to satisfy outstanding unpaid property taxes. But Defendant Calhoun County and its officials abuse this process. They do not foreclose on the parcel, sell it, keep the amount of the outstanding taxes plus reasonable fees, and return the rest to the property owner. Rather, they foreclose, sell the property at a reduced amount, and keep all of the proceeds and excess/surplus equity for themselves. As a result, property owners lose the entire value of their property, which is often orders of magnitude more than the outstanding tax bills.

3. As set forth below, this constitutes a violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; a violation of Article X

Section 2 of the Michigan Constitution; and an impermissible inverse condemnation under Michigan law.[1]

## PARTIES

4.      Each Plaintiff owned property in Calhoun County which suffered a tax foreclosure and equity seizure as set forth on **Exhibit A.**

5.      Defendant CALHOUN COUNTY (the "County") is named as a legal entity formed and/or existing under the laws of the State of Michigan and is controlled or operated by a duly designated Board of Commissioners.

6.      Defendants CHRISTINE SCHAUER and BRIAN W. WENSAUER (the "Treasurers") are or were public officials serving as county treasurer for Calhoun County. Defendant WENSAUER succeeded Defendant SCHAUER as Treasurer in 2017.

---

[1] Plaintiffs acknowledge that some courts have dismissed certain claims when they were previously pled in another case, *e.g.*, *Grainger, Jr. v. Cnty. of Ottawa*, No. 1:19-CV-501, 2021 WL 790771 (W.D. Mich. Mar. 2, 2021). Where indicated in this Complaint, Plaintiffs are raising certain claims against Defendant here to preserve appellate rights and in light of the United States Supreme Court's decision in *Tyler v. Hennepin Cnty.*, Minnesota, 215 L. Ed. 2d 564, 143 S. Ct. 1369 (2023).

7.    The County and/or Treasurer is a Foreclosing Governmental Unit by the affirmative, voluntary, and discretionary decision of each respective county as its own county policy pursuant to MCL §211.78.[2]

## JURISDICTION

8.    This is a civil action brought seeking, among other relief, unpaid "just compensation" and other monetary damages against Defendants for violations of Article 10 of the Michigan Constitution and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

9.    This court has jurisdiction pursuant to MCL §600.601(1), MCL §600.6605, and MCL § 600.151.

10.    Venue is proper in this County pursuant to MCL § 600.1615, MCL § 600.1621(a), and MCL § 600.1627 because Defendants, collectively, conduct or have conducted business in Calhoun County, and the Subject Properties involved are physically located within Calhoun County. Moreover, the Defendants are either a

---

[2] Plaintiffs acknowledge that some courts have dismissed claims against individual treasurer defendants. *See, e.g., Grainger, supra.* Plaintiffs are raising these claims here to preserve appellate rights, and because, notwithstanding these same courts holding that a claim against the counties was viable, some counties have argued that claims against the counties must be dismissed because their treasurers are the only viable defendants. *See Fingal et al. v. Ontonagon County et al.*, Case No. 2:23-cv-00061 (W.D. Mich., filed Mar, 31, 2023) (ECF No. 27, PageID.856).

municipal unit of government located in the County or were an officer of that municipal unit.

## GENERAL ALLEGATIONS

### I.    Michigan's Tax Foreclosure Process

11.    Like many states, Michigan provides for the taxation of real property in order to finance local governments such as counties, municipalities, and school districts and the collection of delinquent taxes.

12.    The Defendants administer a foreclosure-and-auction process generally, so that after they sell a parcel at auction (often times for less than its fair market value), they retain the entire amount of proceeds. Furthermore, even if the sale proceeds exceed the amount of the delinquent taxes and far exceed the tax bill, they do not return any of the excess to the property's former owner or provide compensation for that portion of the Equity destroyed by underselling the parcel.

13.    As used in this Complaint, "Tax Delinquency" means the past due tax owed and certain prescribed fees; "Equity" means the amount by which a property's value exceeds its Tax Delinquency; "Surplus" means the difference between (a) the sale proceeds of the property, and (b) the past due tax and certain prescribed fees.

## II.    The Foreclosure of the Plaintiffs' Property and Seizure of the Surplus and/or Equity

14.    Plaintiffs were the owners of the Subject Properties located within Calhoun County, Michigan as shown on **Exhibit A**.

15.    As of the date the property was sold at auction, each Subject Property accrued a Tax Delinquency as shown on **Exhibit A**.

16.    On or around the Date of Foreclosure as shown on **Exhibit A**, the then-serving treasurer seized ownership of the Subject Property on behalf of the County as its duly elected treasurer.

17.    At all times relevant, the Defendants acted pursuant to a uniform policy, custom, and practice of seizing real property as discussed below.

18.    As of the date of the seizure, each Subject Property had a State Equalized Value ("SEV") as shown on **Exhibit A**. Given that the Fair Market Value ("FMV") of a property is at least twice the amount of its SEV, the government would have known or should have known that the Subject Property had a Minimum FMV as shown on **Exhibit A**.

19.    On behalf of the County, the Treasurers sold the Subject Properties at a tax auction and conveyed the Properties for a Sales Price as shown on **Exhibit A**.

20.    Thus, the difference between what the Plaintiffs owed as a Tax Delinquency and what the County received for each Subject Property ("Surplus

7

Proceeds") was as shown on **Exhibit A**. The Minimum FMV Less Tax Delinquency for the Subject Property was as shown on **Exhibit A**.[3]

21.    The County and the Treasurers seized this Surplus and/or Equity from each Plaintiff by foreclosing the Subject Property, selling it at auction for an amount much lower than its fair market value, but still more than the Tax Delinquency, and failing to return any of the Surplus and/or Equity to Plaintiffs.

22.    None of the Defendants returned the Surplus and/or Equity to any Plaintiff or afforded any Plaintiff any process, plan, or legal mechanism to seek or achieve the return of the Surplus and/or Equity they seized.

23.    Thus, Defendants took or destroyed the Plaintiffs' Surplus and/or Equity in the Property.

24.    To this day, Defendants are holding onto Plaintiffs' Surplus and Equity, even though they know that Plaintiffs have a property interest in *at least* the Surplus and that Defendants are obligated to return it to Plaintiffs.

---

[3] Plaintiffs acknowledge that this valuation of lost equity may be affected by *Freed v. Thomas*, 81 F.4th 655 (Sixth Cir. 2023). But even following *Freed*, and assuming that lost equity is defined as the Surplus Proceeds - the difference between the auction price and the outstanding Delinquent Tax – Plaintiffs had at least the amount of the Surplus Proceeds as shown on **Exhibit A** in lost equity in the Subject Properties at the time of the foreclosure and sale.

25.     Defendants refused and continue to refuse to pay just compensation for Plaintiffs' Surplus and/or Equity in the Subject Property. The Defendants also have failed to provide any mechanism at all for any such compensation.

26.     No Defendant initiated any condemnation action or process for the Plaintiffs' Surplus and/or Equity in the Property.

### III.    The Conduct at Issue Here Reflects County Policy

27.     The actions described herein are a voluntary policy, custom, and/or practice of the County and/or its final policymaker.

28.     This voluntary policy and/or practice of the County and/or its final policymaker is sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

29.     Specifically, the County made the affirmative, voluntary, and discretionary decision to select and designate itself and/or its treasurer to act as the Foreclosing Governmental Unit ("FGU").

30.     Moreover, the County, either through legislative enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority has administered the County's foreclosure and auction process generally, including MCL § 211.78m(8), so that after the County sells a parcel at auction, the County retains the entire amount

9

of the proceeds, even if the proceeds exceed the amount of the Tax Delinquency, and never returns anything to the property owner, nor provides any mechanism by which the property owner can secure a return of his, her, or its Surplus and/or Equity.

31.    Accordingly, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*, 436 U.S. 658.

32.    If the General Property Tax Act, and specifically MCL § 211.78m(8), required or requires the practices that Plaintiffs complain of, then it is inherently unconstitutional: if the Act requires Defendants' conduct as set forth herein, then, the Act violates the Michigan and United States Constitutions for all of the reasons that Defendants' conduct violates them.

33.    The actions of Defendants were designed to cause harm intentionally or wantonly to Plaintiffs due to the utter disregard of Plaintiffs' constitutionally protected rights.

### COUNT I
### TAKING – FIFTH/FOURTEENTH AMENDMENT
### VIOLATION 42 USC § 1983
### (AGAINST ALL DEFENDANTS)

34.    The prior paragraphs are restated word for word herein.

35.    This claim is being made against all Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

36. The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Defendants. *See Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019).

37. Defendants have taken Plaintiffs' property interests in the form of Surplus and/or Equity – that is, the value of the Property to the extent it exceeds the Tax Delinquency – and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

38. Defendants have refused to take any action for the payment of just compensation for their seizure of the Surplus and/or Equity from the Plaintiffs.

39. By Defendants' refusal to take any action for the payment of just compensation at the time of the taking, Defendants have deprived Plaintiffs of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

40. The taking of Plaintiffs' property also violates 42 USC § 1983 and 42 USC § 1988. Plaintiffs are entitled to all relief provided by these statutes.

41. Defendants have not paid just compensation.

42. Defendants will not now pay just compensation.

43.     Defendants do not intend to pay just compensation in the future.

44.     Plaintiffs have been injured and have suffered damages.

## COUNT II[4]
## TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION
## "ARISING DIRECTLY" UNDER THE FIFTH AMENDMENT
## (AGAINST ALL DEFENDANTS)

45.     The prior paragraphs are restated word for word herein.

46.     This claim is being made against all Defendants under the Fifth
Amendment directly.

47.     The Fifth Amendment, made applicable to the states via the Fourteenth
Amendment, is a self-executing constitutional provision requiring the payment of
just compensation upon the takings undertaken by Defendants.

48.     Defendants have taken Plaintiffs' property interests in the form of
Surplus and/or Equity – that is, the value of the Property to the extent it exceeds the
Property's Tax Delinquency – and have appropriated this property for public use
without the payment of just compensation in violation of the Fifth and Fourteenth
Amendments to the United States Constitution.

---

[4] Plaintiff acknowledges that some courts have dismissed this claim when it was
previously pled. *See, e.g., Grainger, supra*. Plaintiff makes the claim here in order
to preserve appellate rights and in light of the right to plead in the alternative.

12

49.     Defendants have refused to take any action for the payment of just compensation for their seizure of the Surplus and/or Equity from the Plaintiffs.

50.     By Defendants' refusal to take any action for the payment of just compensation at time of the taking, Defendants have deprived Plaintiffs of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Thus, the violation can be remedied by a direct claim under the Fifth Amendment.

51.     Defendants have not paid just compensation.

52.     Defendants will not now pay just compensation.

53.     *Defendants do not intend to pay just compensation in the future.*

54.     Plaintiffs have been injured and have suffered damages.

## COUNT III
## STATE LAW - INVERSE CONDEMNATION
## (AGAINST DEFENDANT COUNTY AND TREASURERS
## IN AN OFFICIAL CAPACITY)

55.     The prior paragraphs are restated word for word herein.

56.     Defendants have taken Plaintiffs' property interests in the form of Surplus and/or Equity – that is, the value of the Property to the extent it exceeds the Property's Tax Delinquency -- and have appropriated this property for public use without the payment of just compensation.

13

57.     Defendants have done so without using any direct condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51, et seq.

58.     Defendants have not and will not provide Plaintiffs with any opportunity to claim the Surplus and/or Equity in the Property after the seizure and/or later sale of the Property. Nor did Defendants provide or have a process for Plaintiffs to claim compensation at the time the Defendants seized title to the taken property interests.

59.     Defendants have not paid just compensation.

60.     Defendants will not now pay just compensation.

61.     Defendants do not intend to pay just compensation in the future.

62.     An inverse condemnation with damages has occurred.

63.     Plaintiffs have been injured and have suffered damages.

## COUNT IV[5]
## STATE LAW – VIOLATION OF MICHIGAN CONSTITUTION
## ARTICLE X, SECTION 2
## (AGAINST DEFENDANT COUNTY AND TREASURERS
## IN AN OFFICIAL CAPACITY)

64.     The prior paragraphs are restated word for word herein.

---

[5] Plaintiff acknowledges that some courts have dismissed this claim when it was previously pled. *See, e.g., Grainger, supra*. Plaintiff makes the claim here in order

14

65.     Defendants have taken Plaintiffs' property interests in the form of Surplus and/or Equity – that is, the value of the Property to the extent it exceeds the Property's Tax Delinquency – and have appropriated this property for public use without the payment of just compensation.

66.     Defendants have done so without using any direct condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL § 213.51, et seq and in violation of Article X, Section 2 of the Michigan Constitution.

67.     Defendants have not and will not provide Plaintiffs with any opportunity to claim the Surplus and/or Equity after the seizure and/or later sale of the Property. Nor did Defendants provide or have a process to claim compensation at the time the Defendants seized title to the taken property interests.

68.     Defendants have not paid just compensation.

69.     Defendants will not now pay just compensation.

70.     Defendants do not intend to pay just compensation in the future.

---

to preserve appellate rights and in light of the Sixth Circuit's decision in *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022).

71.     Where the Subject Property was a Plaintiff's principal residence, that Plaintiff is entitled to compensation equaling 125 percent of the property's fair market value under Article X § 2 of the Michigan Constitution.

72.     Plaintiffs have been injured and have suffered damages.

## COUNT V[6]
## VIOLATION OF THE EIGHTH AMENDMENT 42 USC § 1983
## (AGAINST ALL DEFENDANTS)

73.     The prior paragraphs are restated word for word herein.

74.     This Count is pled to the extent that Defendants argue or assert that Plaintiffs "forfeited" or, as it is sometimes described, "relinquished" property pursuant to the Act.

75.     The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the government from imposing excessive fines, which the US Supreme Court has applied to action(s) involving forfeitures.

76.     The Fourteenth Amendment applies the Eighth Amendment to states and state actors such as Defendants.

---

[6] Plaintiff acknowledges that some courts have dismissed this claim when it was previously pled. *See, e.g., Grainger, supra.* Plaintiff makes the claim here in order to preserve appellate rights and in light of the Supreme Court's decision in *Tyler v. Hennepin Cnty., Minnesota*, 215 L. Ed. 2d 564, 143 S. Ct. 1369 (2023).

77. By imposing and retaining an excessive fine in the form of the forfeiture of value of the Surplus and/or Equity interest in property in excess of the tax delinquency, Plaintiffs' Eighth Amendment rights have been violated. See Austin v. United States, 509 U.S. 602 (1993).

78. Defendants' retention of the Surplus and/or Equity, which by definition is exclusive of the Tax Delinquency, is punitive and not remedial.

79. The conduct of Defendants was reckless and undertaken with complete indifference to Plaintiffs' federal rights to be free from violations of the Eighth Amendment to the United States Constitution.

80. Said actions violate the Eighth Amendment to the United States Constitution and are remedied by a money judgment against Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

81. Plaintiffs have been injured and have suffered damages.

## COUNT VI
## 42 USC § 1983 - VIOLATION OF PROCEDURAL DUE PROCESS
## (AGAINST ALL DEFENDANTS)

82. The prior paragraphs are restated word for word herein.

83. The Fourteenth Amendment guarantees procedural due process to Plaintiffs.

84.     Plaintiffs have a Constitutionally protected property interest in the Surplus and/or Equity of the Property.

85.     Defendants have denied Plaintiffs these rights by failing to provide any procedure at all for Plaintiffs to secure a refund of the Surplus and/or Equity after the Properties' sale at auction, or even after their complete seizure in anticipation of same.

86.     As a direct and proximate result of the Defendants' failure to provide adequate procedural due process, Plaintiffs have been injured and have suffered damages.

87.     Plaintiffs lack an adequate remedy at law except as set forth in this Complaint.

## COUNT VII[7]
## 42 USC § 1983 - VIOLATION OF SUBSTANTIVE DUE PROCESS (AGAINST ALL DEFENDANTS)

88.     The prior paragraphs are restated word for word herein.

89.     The Fourteenth Amendment guarantees substantive due process to Plaintiffs.

---

[7] Plaintiff acknowledges that some courts have dismissed this claim when it was previously pled. *See, e.g., Grainger, supra.* Plaintiff makes the claim here in order to preserve appellate rights and in light of the right to plead in the alternative.

90.    Defendants' conduct has deprived and is depriving Plaintiffs of the Constitutionally protected right to the Surplus and/or Equity.

91.    Plaintiffs' rights to the Subject Property, and therefore their Surplus and/or Equity, is well established.

92.    Defendants' conduct in destroying and/or seizing Plaintiffs' Surplus and/or Equity is arbitrary and/or shocks the conscience.

93.    As a direct and proximate result of these violations, Plaintiffs have been injured and suffered damages.

94.    Plaintiffs lack an adequate remedy at law except as asserted in this Complaint.

### COUNT VIII
### UNJUST ENRICHMENT
### (AGAINST THE COUNTY)

95.    The prior paragraphs are restated word for word herein.

96.    Defendants have illegally seized the Surplus and/or Equity from Plaintiffs.

97.    This illegal seizure has unjustly enriched the County.

98.    Under these circumstances, it is inequitable for the County to retain the proceeds from the sales of the Property at auction to the extent that the proceeds from such sale exceeded the Tax Delinquency for the Property.

99.     Plaintiffs do not have an adequate remedy at law except as asserted in this Complaint.

100.     This unjust enrichment has injured and damaged the Plaintiffs.

## COUNT IX
## CONVERSION
## (AGAINST ALL DEFENDANTS)

101.     Plaintiffs incorporate all above allegations as if fully restated herein except for those set forth in the counts stating federal takings claims and bring this claim as an alternative to the state and federal takings claims stated above.

102.     When the Michigan Supreme Court decided *Rafaeli, LLC v. Oakland Cnty.*, 505 Mich. 429, 952 N.W.2d 434 (2020) on July 17, 2020, it put Defendants on notice that the Surplus, including any interest thereupon (the "Accrued Surplus") belonged to Plaintiffs and needed to be returned.

103.     Nonetheless, Defendants failed to return Plaintiffs' Accrued Surplus to Plaintiffs.

104.     Defendants' failure to turn over Plaintiffs' Accrued Surplus Proceeds promptly – even after the Michigan Supreme Court's decision in *Rafaeli* was released – deprived Plaintiffs of Plaintiffs' property and constitutes an act of conversion and theft.

105.     Plaintiffs demanded that Defendants relinquish Plaintiffs' property.

20

106. Further demands are excused inasmuch as such efforts would be futile.

107. Defendants took Plaintiffs' property without Plaintiffs' consent.

108. Defendants' continued control of Plaintiffs' property constitutes conversion, embezzlement, or theft.

109. Defendants' continued control over Plaintiffs' property is an intentional act that falls outside of any governmental function.

110. Plaintiffs have been injured and damaged by Defendants' actions.

## COUNT X
## STATUTORY CONVERSION
## (AGAINST ALL DEFENDANTS)

111. Plaintiffs incorporate all above allegations as if fully restated herein except for those set forth in the counts stating federal takings claims and brings this claim as an alternative to the state and federal takings claims stated above.

112. Defendants have converted Plaintiffs' Accrued Surplus to the County's or Treasurers' own use as contemplated by MCL § 600.2919a.

113. Defendants' continued retention and control of Plaintiffs' property and conversion of Plaintiffs' property to the County's or Treasurer's own use constitutes statutory conversion under MCL § 600.2919a.

114. As a result of Defendants' actions, Plaintiffs sustained damages.

115. State law provides that a person damaged as a result of a violation of that law, "may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees." MCL § 600.2919a. Plaintiffs are, therefore, entitled to treble damages.

116. Plaintiffs are entitled to treble damages, costs, and recovery of actual reasonable attorney fees. MCL § 600.2919a.

## COUNT XI
## CLAIM AND DELIVERY
## (AGAINST ALL DEFENDANTS)

117. Plaintiffs incorporate all above allegations as if fully restated herein except for those set forth in the counts stating federal takings claims and brings this claim as an alternative to the state and federal takings claims stated above.

118. Defendants are holding the Accrued Surplus as defined above, which belongs to Plaintiffs. MCR 3.105(C)(1).

119. The value of the Accrued Surplus is the Surplus Proceeds as shown on **Exhibit A,** plus interest. MCR 3.105(C)(2).

120. Plaintiffs do not know precisely what Defendants have done with the Accrued Surplus but given the fungibility of money, upon information and belief, they believe that the Accrued Surplus is not an "independent piece of property" but rather "a portion of divisible property of uniform kind, quality." MCR 3.105(C)(3).

121. The nature of Plaintiffs' claim is set forth in this Complaint, and Plaintiffs seek the return of the Accrued Surplus. MCR 3.105(C)(4).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request this Court to:

a. Enter an order declaring the conduct of Defendants as being unconstitutional under the federal and state constitutions, even if being undertaken consistent with the General Property Tax Act;

b. Enter an order for any and all damages and/or compensation as is deemed proper;

c. Enter an order disgorging the County's proceeds from the sales auction to the extent that the proceeds exceed the Tax Delinquency for the Property;

d. Enter an order of additional damages and/or compensation to reach an amount equaling 125% of the property's fair market value if this Court determines that private property consisting of an individual's principal residence was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

e. Enter an order for an award of interest as provided for in *Knick*;

f.    Enter an order for any and all damages available under law as applicable, including but not limited to an award of nominal and punitive damages;

g.    Enter an order for an award of attorney fees and expenses pursuant to all applicable laws, rules, or statutes;

h.    Enter an order imposing a constructive trust upon the Surplus and the Accrued Surplus, and/or declaring that such a constructive trust has existed at least since July 17, 2020;

i.    Enter an order awarding treble damages and attorneys' fees under MCL § 600.2919a;

j.    Enter an order requiring the return of the Accrued Surplus to Plaintiffs because it is Plaintiffs' property and Defendants are illegally possessing it;

k.    Enter an order for restitution; and

l.    Enter an order for all such other legal and equitable relief which the Court deems proper.

## JURY DEMAND

For all triable issues, a trial by jury is hereby demanded.

VISSER AND ASSOCIATES, PLLC

Dated: March 25, 2024

**Daniel O. Myers (P49250)**
Donald R. Visser (P27961)
*Counsel for Plaintiffs*

Faith Burks, et al v Calhoun County, et al

Case No. 24- 944 -CZ

# EXHIBIT A

### To Plaintiffs' Complaint

| Plaintiff | Property Address(es) | Date of Foreclosure | Parcel Number(s) | Tax Delinquency | SEV at Foreclosure | Minimum FMV at Foreclosure | Sales Price | Surplus Proceeds | Minimum FMV Less Tax Delinquency |
|---|---|---|---|---|---|---|---|---|---|
| Faith Burks | 468 Hamblin Ave | March 31, 2020 | 2400-00-061-0 | $ 5,000.00 | $ 12,997.00 | $ 25,994.00 | $ 15,500.00 | $ 10,500.00 | $ 20,994.00 |
| Estate of Beckyann Crowley, by heir and representative, Thomas Burbank | 8659 Gorsline Rd | March 31, 2020 | 18-028-889-50 | $ 3,400.00 | $ 17,010.00 | $ 34,020.00 | $ 14,000.00 | $ 10,600.00 | $ 30,620.00 |
| Terry and Linda Carlson | 173 Lynwood Ln | March 31, 2015 | 4770-08-861-0 | $ 43,500.00 | $ 169,626.00 | $ 339,252.00 | $ 187,938.06 | $ 144,438.06 | $ 295,752.00 |
| David Carpenter | 17975 9-1/2 Mile Rd. | March 31, 2017 | 10-003-001-03 | $ 14,750.00 | $ 74,850.00 | $ 149,700.00 | $ 84,250.00 | $ 69,500.00 | $ 134,950.00 |
| Alison Crittenden | 1023 Hall St | March 31, 2016 | 51-011-205-00 | $ 8,300.00 | $ 18,800.00 | $ 37,600.00 | $ 15,000.00 | $ 6,700.00 | $ 29,300.00 |
| Dorethea Edmonson | 220 Algonquin St | March 31, 2019 | 04-370-127-00 | $ 4,600.00 | $ 22,800.00 | $ 45,600.00 | $ 30,500.00 | $ 25,900.00 | $ 41,000.00 |
| Estate of Larry Dean Fairchild, by Personal Representative, Alaric Fairchild | 15 Maple Grove Ave. | March 31, 2020 | 4560-00-008-1 | $ 3,900.00 | $ 19,571.00 | $ 39,142.00 | $ 34,000.00 | $ 30,100.00 | $ 35,242.00 |
| Priscilla Ford | 183 W Spaulding Ave | March 31, 2016 | 8070-00-077-0 | $ 5,900.00 | $ 22,450.00 | $ 44,900.00 | $ 34,000.00 | $ 28,100.00 | $ 39,000.00 |
| Todd Gast | 47 N 31st St | March 31, 2013 | 9310-22-773-0 | $ 10,500.00 | $ 38,380.00 | $ 76,760.00 | $ 24,000.00 | $ 13,500.00 | $ 66,260.00 |
| Pamela Shinevar | 47 N 31st St | March 31, 2013 | 9310-22-773-0 | $ 10,500.00 | $ 38,380.00 | $ 76,760.00 | $ 24,000.00 | $ 13,500.00 | $ 66,260.00 |
| Norma Baumgartner, by Mary Howard, Power of Attorney | 719 Union St. | March 31, 2020 | 53-006-331-00 | $ 2,100.00 | $ 4,800.00 | $ 9,600.00 | $ 4,700.00 | $ 2,600.00 | $ 7,500.00 |
| Howard King | 318 N 20th St | March 31, 2020 | 54-130-056-50 | $ 3,200.00 | $ 15,391.00 | $ 30,782.00 | $ 12,250.00 | $ 9,050.00 | $ 27,582.00 |
| Bob Angel | 318 N 20th St | March 31, 2020 | 54-130-056-50 | $ 3,200.00 | $ 15,391.00 | $ 30,782.00 | $ 12,250.00 | $ 9,050.00 | $ 27,582.00 |
| Steven Messecar | 289 Honey Lane | March 31, 2017 | 4600-08-006-0 | $ 18,500.00 | $ 115,657.00 | $ 231,314.00 | $ 186,000.00 | $ 167,500.00 | $ 212,814.00 |
| Steven Messecar | Honey Lane | March 31, 2015 | 4600-08-007-0 | $ 3,400.00 | $ 30,722.00 | $ 61,444.00 | $ 11,007.38 | $ 7,607.38 | $ 58,044.00 |
| Christopher Myers | 2881 Country Club Way | March 31, 2015 | 06-116-642-00 | $ 13,500.00 | $ 103,900.00 | $ 207,800.00 | $ 198,750.32 | $ 185,250.32 | $ 194,300.00 |
| Patricia Patton-Perry, by Brent Perry, Power of Attorney | 180 Pleasantview Dr | March 31, 2014 | 52-5930-00-005-0 | $ 11,750.00 | $ 61,649.00 | $ 123,298.00 | $ 41,250.00 | $ 29,500.00 | $ 111,548.00 |
| Kurt Rhode | 207 Nelson St | March 31, 2014 | 10-530-005-00 | $ 3,300.00 | $ 16,850.00 | $ 33,700.00 | $ 16,750.00 | $ 13,450.00 | $ 30,400.00 |
| Gloria Ridley | 1002 Burr Oak St. | March 31, 2016 | 51-011-075-00 | $ 3,200.00 | $ 18,000.00 | $ 36,000.00 | $ 11,250.00 | $ 8,050.00 | $ 32,800.00 |
| Raymond Van Vleet | 23 Oakhill Dr | March 31, 2020 | 1370-00-007-0 | $ 6,900.00 | $ 15,481.00 | $ 30,962.00 | $ 17,250.00 | $ 10,350.00 | $ 24,062.00 |
| Tom Vasquez | 221 Coolidge | March 31, 2017 | 18-780-030-00 | $ 7,000.00 | $ 25,900.00 | $ 51,800.00 | $ 19,000.00 | $ 12,000.00 | $ 44,800.00 |
| Sabrina Whitt | 803 S Monroe St | March 31, 2018 | 51-001-534-01 | $ 4,400.00 | $ 14,800.00 | $ 29,600.00 | $ 9,400.00 | $ 5,000.00 | $ 25,200.00 |